## Schlater et al. versus Winpenny.

1. On a question of partnership a witness testified that it expired in February; evidence that he had stated at other times, although not in the presence of the plaintiff, that it expired in January, was admissible to contradict him.

2. The credit of a witness may be impeached by proving that he has made out of court statements different from those to which he testified.

3. A partnership to expire in January appointed an attorney to "buy and sell goods, sign notes and perform all acts concerning the business;" if the plaintiff had notice at the beginning of the partnership of the time of ending, he could not charge the firm with goods sold to the attorney after the expiration.

4. The dissolution of the partnership, whenever it took place, revoked the power of attorney, and the attorney afterwards had no authority to give notes in the settling up of the firm.

5. The attorney testified that he exercised no power but under the letter of attorney; he afterwards testified that he had power to wind up the firm after dissolution. Evidence was admissible in contradiction, that he had no power of attorney after the dissolution of the firm.

February 18th 1874. Before AGNEW, C. J., WILLIAMS, MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

Error to the District Court of Philadelphia: No. 34, to July Term 1872.

[Schlater *v.* Winpenny.]

This was an action of assumpsit brought February 2d 1871, by James B. Winpenny against Francis Schlater and Sarah Clendenning, trading as Schlater & Clendenning.

This suit was upon two promissory notes, viz. :—

"$906.68–100ths.          Philadelphia, March 31st 1869.

Ninety days after date we promise to pay to the order of J. B. Winpenny, nine hundred and six 68–100th dollars, without defalcation, for value received, payable at the Union National Bank.

F. Schlater & Co.<br>John Clendenning, Atty."

"$1053.24–100ths.          Philadelphia, June 7th 1869.

Ninety days after date we promise to pay to the order of J. B. Winpenny, payable at the Union National Bank, one thousand and fifty-three 24–100ths dollars, without defalcation, for value received.          F. Schlater & Co.

John Clendenning, Atty."

The declaration was upon these notes and also in the common counts.

The case was tried, November 17th 1871, before Lynd, J.

The plaintiff gave evidence to show a partnership between the defendants.

He gave in evidence also a power of attorney dated January 17th 1868, executed by the defendants individually naming themselves as "trading as F. Schlater & Co.," constituting John Clendenning their attorney to buy and sell goods and merchandise, to sign and endorse checks, notes, drafts and acceptances, and perform such other act or acts concerning the said business, in as full and ample a manner as we, the said Francis Schlater and S. Clendenning, could do if personally present, or as if the matter required more special authority than is hereby given," &c.

John Clendenning testified that he acted under the power of attorney, bought goods, &c., gave notes, &c. Schlater knew all this. Witness bought goods from the plaintiff, the notes in suit were for yarns bought from plaintiff. On cross-examination witness said that he exercised no powers but under the power of attorney; the partnership ended February 13th 1869, but the business had to be wound up after that.

The defendants asked witness :—

"Did you not tell Mr. Benjamin Rowland, Jr., that this firm expired January 1st 1869 ?"

Answer : "No."

"Did you not go to Mr. Rowland and tell him, that all coal charged to F. Schlater & Co. after January 1st 1869, must be recharged to you, as the firm expired January 1st 1869 ; and was not the coal so recharged and did you not pay the bill for the same ?" He answered "No."

[Schlater *v.* Winpenny.]

The books of Schlater & Co. being shown to witness, he said: "Clark who made the entries was in my employ, after January 1st 1869. Schlater and Clark both had keys for the safe. I think that these entries were made after January 1st 1869, and were made at my direction. I do not know that Schlater gave the direction.

"These notes were given as renewals. I had authority to wind up the affairs of the firm, after dissolution."

Plaintiff offered in evidence the bill-book: Defendant objected; the objection was overruled and exception sealed.

Plaintiff offered in evidence, the notes sued on. Defendant objected; the objection was overruled and exception sealed.

The plaintiff offered in evidence, the "ledger" of F. Schlater & Co. Defendant objected; the objection was overruled and exception sealed.

The plaintiff testified that an advertisement of the partnership had been handed to him; Clendenning had told him of the partnership and that Schlater was a responsible man; plaintiff afterwards met Schlater, who told him that he was the man whom Clendenning had mentioned; that Clendenning was to be attorney of the firm, and he sold Schlater goods; the notes were for a balance of account and renewal of others; they were renewed for the accommodation of F. Schlater & Co.; the plaintiff had never been notified of the dissolution; plaintiff had seen Clendenning's power of attorney.

The defendants called B. Rowland, Jr., who testified that he had sold coal to F. Schlater & Co., on January and February 1869.

Defendants offered to show by this witness that Mr. Clendenning gave notice to witness that this partnership ended January 1st 1869, and that as to the coal charged to F. Schlater & Co. after January 1st 1869, Mr. Clendenning said it was to be recharged to John Clendenning, and that it was so recharged and paid by Clendenning, and that this notice was given before the date of these notes.

Plaintiff objected.

Also, to contradict the witness Clendenning by showing that he had no power as attorney for this firm, after dissolution thereof, to wind up the affairs.

Plaintiff objected, unless to be followed by proof of notice to plaintiff.

Also to prove by this witness, declarations of the defendant and Clendenning, that the firm of F. Schlater & Co. was dissolved January 1st 1869.

Plaintiff objected, unless Winpenny was present or had notice of the dissolution.

These offers were all rejected and several bills of exception sealed.

The defendant (Schlater) testified that in January or February

[Schlater *v.* Winpenny.]

1868, he met plaintiff and was introduced to him, and told him that he (witness) had formed a partnership for one year from January 1868, ending January 1st 1869.    The partnership then ended. Clendenning had no powers except under the power of attorney; he had no authority to wind up the partnership; he was not the agent of witness nor of F. Schlater & Co. at the date of these notes; the entries in their books after January 1st 1869 were not made by the authority or direction of the witness; the goods in question were not received by F. Schlater & Co., nor manufactured by them; he did not know of the notes till July 1869; they were not renewed at his request or with his knowledge.

The defendants gave other evidence that the dissolution took place January 1st 1869, and generally in support of their case.

The verdict was for the plaintiff for $2360.23.

The defendants took a writ of error, and assigned for error the decisions of the court on the questions of evidence.

*E. R. Worrell*, for plaintiffs in error.—The statements of a witness on a trial may be contradicted by evidence of inconsistent statements out of court: Batdorff *v.* Bank of Reading, 11 P. F. Smith 179; Cameron *v.* Montgomery, 13 S. & R. 132; Ott *v.* Houghton, 6 Casey 451.

*R. P. White*, for defendant in error.

The opinion of the court was delivered, March 2d 1874, by WILLIAMS, J.—There are three questions in this case:—

1st. Whether the partnership of F. Schlater & Co. expired on the 1st of January or the 13th of February 1869?

2d. If on the former day, whether the plaintiff below had notice of its dissolution?

3d. Whether John Clendenning was authorized to wind up the affairs and settle the business of the partnership after its dissolution?

I. The evidence shows that the plaintiff sold yarns after the 1st of January 1869, to John Clendenning, who was authorized by power of attorney bearing date the 17th of January 1868, "to buy and sell goods and merchandise," for and in the name of the firm, and that the price of these yarns was included in the notes sued on.    The plaintiff himself testified that "these notes were given for a balance of account and are renewals of others."    If then the partnership expired on the 1st of January 1869, and the plaintiff had notice of its dissolution, it is clear that he is not entitled to recover that portion of the notes embracing the price of the yarns sold after that date, even if John Clendenning, by whom they were given, was authorized to settle the business of the partnership.    It is, therefore, a material question, whether the partner-

ship expired on the 1st of January 1869, or was dissolved on the 13th of February thereafter.

Clendenning was examined as a witness for the plaintiff, and testified that the partnership continued until the 13th of February 1869, and that it was then dissolved. On his cross-examination he said that he did not tell Benj. Rowland, Jr., that this firm expired January 1st 1869; and that he did not tell him that all coal charged to F. Schlater & Co., after that date, must be re-charged to himself, as the firm expired January 1st 1869; and that the coal was not so recharged, and he did not pay the bill for the same. The defendant called Rowland, who testified: "We furnished coal to F. Schlater & Co. In January and February 1869, we charged coal to F. Schlater & Co. and sent the bill to Schlater & Co." The defendant then offered to show that Clendenning gave notice to the witness that this partnership ended January 1st 1869, and that as to the coal charged to F. Schlater & Co., after January 1st 1869, Clendenning said that it was to be recharged to John Clendenning; and that it was so recharged and paid by Clendenning, and that this notice was given before the date of these notes. The plaintiff objected to the offer and the court sustained the objection. The defendant then offered to prove by the witness the declarations of Clendenning that the firm of F. Schlater & Co. was dissolved January 1st 1869. This offer was objected to unless the plaintiff was present and had notice of the dissolution, and the court sustained the objection and excluded the offer. If anything in the law of evidence can be regarded as settled, it is, that the credit of a witness may be impeached by proof that he has made statements out of court contrary to what he has testified at the trial. The principle is too familiar to need the citation of any authority in its support. The matter in regard to which it was proposed to contradict the witness was material and relevant to the issue; and his attention was called to the person and the particular circumstances involved in the supposed contradiction. The offers should, therefore, have been admitted, and the court fell into a palpable error in rejecting them.

II. If the defendant informed the plaintiff in January or February 1868, that the partnership was for one year, and that it ended on the 1st of January 1869, then the latter had such notice of its dissolution as should have put him upon inquiry. He had no right to sell goods to Clendenning on the credit of the firm after that date without ascertaining that the partnership still continued.

III. The dissolution of the partnership, whether it terminated on 1st of January or the 13th of February 1869, undoubtedly operated as a revocation of the power of attorney authorizing Clendenning to conduct its business, and, unless he was authorized by the members of the firm to settle the business of the partnership after its dissolution, he had no authority to give the notes in con-

[Schlater *v.* Winpenny.]

troversy.   On his cross-examination he said: " I exercised no powers except under the letter of attorney, which was for the business of F. Schlater & Co. ;" but on his re-examination he said : "I had authority to wind up the affairs of the firm, after dissolution." In saying this he may have supposed that under the power authorizing him to conduct the business of the firm he had authority to wind up and settle its affairs; or he may have so testified because he was expressly authorized by the members of the firm to settle the business of the partnership after its dissolution.   But be this as it may, it is clear that the defendant had the right to contradict the witness by showing that he had no power as attorney in fact of the firm, after the dissolution thereof, to wind up its affairs, and, therefore, the court erred in sustaining the objection to the offer unless followed by proof of notice to the plaintiff.

The authority conferred by the power of attorney to conduct the business of the firm, as already suggested, ceased with the dissolution of the partnership, and if the plaintiff knew that the firm was dissolved when the notes were given, as it is manifest that he did, it was his business to see that Clendenning had authority to give them.

It needs no argument to show that the defendant was not bound by the entries made by Clendenning, or by his direction, in the partnership books after the dissolution of the firm; nor were they evidence against him, unless it was shown that he had assented to them.

Judgment reversed, and a *venire facias de novo* awarded.